# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL GAMBOA,<br><br>                          Petitioner,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | CASE NO. 10 CV 2089 MMA (BLM)<br><br>**ORDER DENYING PETITION FOR WRIT OF ERROR AUDITA QUERELA**<br><br>[Doc. No. 1] |

Petitioner Manuel Gamboa, a federal prisoner proceeding *pro se*, has filed a petition for a writ of error audita querela under the All Writs Act, 28 U.S.C. § 1651. For the following reasons, the Court concludes Petitioner is not entitled to issuance of such writ and **DENIES** the petition.

## DISCUSSION

On December 16, 1992, a jury found Petitioner guilty of conspiracy to manufacture and distribute methamphetamine; aiding and abetting distribution of methamphetamine; and possession of methamphetamine with intent to distribute. *See* 3:92-CR-1204-N-1, *United States of America v. Manuel Guerra Gamboa*, Doc. No. 49. On March 8, 1993, Petitioner was sentenced to 360 months in custody. *Id.*, Doc. No. 60. Petitioner filed a motion to modify his sentence, which the district court denied, and Petitioner appealed. On June 8, 1998 the Ninth Circuit upheld Petitioner's conviction and sentence. *Id.*, Doc. No. 110.

On October 4, 2010, Petitioner filed the instant petition. Petitioner asks the Court to

1  dismiss the rest of the time left on his sentence or for a re-sentencing under the Supreme Court's
2  decision in *United States v. Booker*, 543 U.S. 220 (2005).  Petitioner challenges his sentence,
3  arguing that because the federal sentencing guidelines are no longer mandatory, the Court now has
4  discretion to determine his sentence is unreasonable and grant his motion for a downward
5  departure under 18 U.S.C. § 3553(a).  Petitioner argues his sentence is grossly disproportionate
6  because he received a sentence that is approximately ten years longer than his co-defendants, who
7  chose not to exercise their rights to trial.

8        Petitioner's claim is more properly asserted in a motion to vacate under 28 U.S.C. § 2255,
9  rather than in a petition for writ of audita querela under § 1651.  *See Trenkler v. United States*, 536
10 F.3d 85, 97 (1st Cir. 2008) (noting that courts regularly re-characterize as § 2255 motions petitions
11 which seek relief from sentence but are captioned as something else).  However, if the Court
12 construes the petition as a § 2255 motion, Petitioner's motion clearly is untimely.  A motion for §
13 2255 relief must be brought within one year after the prisoner's conviction becomes final, subject
14 to limited exceptions.  *See* 28 U.S.C. § 2255(f).[1]  Here, the record shows Petitioner's conviction
15 became final in June 1998, and thus the time to file any § 2255 motion expired in June 1999.[2]
16 Petitioner filed the instant petition in October 2010, more than eleven years beyond the expiration
17 of the one-year limitation period.  Thus, if the petition is construed as a § 2255 motion, it is subject
18 to dismissal as untimely under § 2255(f).

19       Petitioner does not necessarily argue that he was entitled to a downward departure at the
20 time of his sentencing; rather, he asserts that subsequent to *Booker,* the Court acquired discretion
21 to downward depart which it previously lacked.  However, this is essentially a claim for
22 retroactive relief under *Booker* from his otherwise final sentence – a claim more properly made

---

[1] These exceptions do not alter the one-year limitations period – they merely change the starting date of the one-year clock.

[2] Petitioner previously filed a § 2255 on May 1, 1997, before his conviction became final. Judge Leland C. Nielsen, presiding, denied the motion on May 6, 1997.  The Ninth Circuit denied Petitioner's request for certificate of appealability on April 29, 1998. This prior § 2255  motion does not affect the expiration of the one-year limitation period. However, it would necessarily result in the instant petition being successive under § 2255.  A successive petition may not be filed unless the petitioner first obtains authorization from the Ninth Circuit.  *See* 28 USC § 2255(h). Petitioner has not complied with this requirement.

under § 2255 rather than under a writ of audit querela – and such relief has been foreclosed in collateral proceedings in this circuit. *See, e.g., Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004); *see also, Hewett v. United States*, 372 F. Supp. 2d 585, 591 (D. Haw. 2005) (the holdings of *Booker* and *Blakely* do not provide a basis for tolling the statute of limitations provided for § 2255 motions). Thus, this argument fails, and where the Court construes the instant petition as a § 2255 motion to vacate, it is clearly untimely and must be dismissed.

Even if the petition is not construed as a § 2255 motion, Petitioner is still not entitled to relief. "At common law, the writ of audita querela permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of the judgment." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (citing 7 Am. Jur. 2d Audita Querela § 1 (1997)). The common law writ of audita querela remains available today; however, it is only available to federal prisoners "to 'fill the interstices of the federal post-conviction remedial framework.'" *Valdez-Pacheco*, 237 F.3d at 1079 (quoting *Doe v. INS*, 120 F.3d 200, 203 (9th Cir. 1997)). The writ is not available "to challenge a conviction or sentence when the prisoner's contentions could otherwise be raised in a motion pursuant to § 2255." *Valdez-Pacheco*, 237 F.3d at 1079-80.

Petitioner relies on *United States v. Keigue*, 318 F.3d 473 (2nd Cir. 2002) to support his petition. In *Keigue*, the Second Circuit held the district court's use of an expired version of sentencing guidelines to calculate the defendant's offense level, rather than the version of guidelines in effect on the date of sentencing, was error. *Id.* at 442. Petitioner argues *Keigue* is analogous to the instant case because the guidelines applied at his sentencing are no longer mandatory. *Keigue* is inapposite because at the time of Petitioner's sentencing, the district court calculated Petitioner's offense level using the sentencing guidelines version then in effect.

"A writ of audita querela is not an available remedy where the claims raised would be cognizable in a § 2255 habeas petition." *See Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007) (citations and footnote omitted). The writ of audita querela is not available to Petitioner to circumvent the limitations Congress has placed upon prisoners seeking post-conviction

collateral relief. *Valdez-Pacheco*, 237 F.3d at 1080. As a general rule, "§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). Because Petitioner's conviction and sentence do not present any truly extraordinary circumstances or inequities, resorting to a petition for a writ of audita querela is improper and unwarranted.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the petition for a writ of error audita querela. The Clerk shall terminate this civil case.

**IT IS SO ORDERED**.

DATED: December 20, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge